IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DREXINAL CURTIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 5:04-cv-281 (WDO) |
| **GORDON POLICE DEPARTMENT,** | : | |
| **OFFICER LESLIE BROOKS,** | : | |
| **OFFICER JASON BARBIE,** | : | |
| **OFFICER SHAWN DEASON, and** | : | |
| **OFFICER STEVE THOMPKINS,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants have moved the Court to dismiss this action for failure to state a claim upon which relief can be granted. Specifically, Defendants contend that the action is barred by the applicable statute of limitations. Plaintiff seeks to state claims under 42 U.S.C. § 1983 for excessive use of force and discrimination. Federal courts hearing cases under Section 1983 look to state law to determine the appropriate statute of limitations. In Georgia, the statute of limitations for Section 1983 claims is two years. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). "Generally, 'the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Id. (quoting Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir.1996)).

In this case, Plaintiff alleges that he was attacked and beaten by the Defendant police officers on August 26, 1999. The facts which would support his cause of action would have been apparent

at the time. Accordingly, absent any cause for tolling, the limitations period for Plaintiff's claims commenced on August 26, 1999 and expired on August 26, 2001. The Court's records indicate that Plaintiff filed an earlier complaint on the same facts on August 30, 2001, which was dismissed without prejudice by order of the Honorable Duross Fitzpatrick on January 11, 2002. It is clear, therefore, that Plaintiff had actual knowledge of his cause of action on August 30, 2001. Accordingly, even if his statute of limitations had been initially tolled by any concealment or failure to discover his injuries prior to August 30, 2001, and even if the statute had been further tolled during the pendency of his first complaint, Plaintiff's limitations period would have expired on January 11, 2004, two years after the dismissal of the first complaint. The present complaint was filed on September 1, 2004. Under any conceivable set of facts Plaintiff's claims with regard to the alleged August 26, 1999 beating are now barred as untimely.

Wherefore, Defendants' Motion to Dismiss (Doc. 6) is **GRANTED**, and it is hereby ordered that the above-captioned case be **DISMISSED**, with prejudice. All other pending motions are to be dismissed, as moot.

SO ORDERED, this the 1st day of December, 2005.


S/Wilbur D. Owens, Jr.
WILBUR D. OWENS, JUDGE
UNITED STATES DISTRICT COURT